**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2807-19

ANGELA K. LASH and
WAYNE LASH, JR.
(her husband),

      Plaintiffs-Appellants,

v.

ULTIMATE HAND CAR WASH
AND DETAIL CENTER, LLC,
and CARPEL RT. 46
ASSOCIATES, LLC,

      Defendants-Respondents.

_____

Argued October 21, 2021 – Decided November 5, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0723-18.

Herbert M. Korn argued the cause for appellant.

Richard J. Williams, Jr., argued the cause for respondents (McElroy, Deutsch, Mulvaney & Carpenter, LLP, and The Law Offices of Gerald F. Strachan, attorneys; Richard J. Williams, Jr., and

Richard B. Smith, of counsel; Tina DiFranco, on the brief).

PER CURIAM

In this personal injury action, plaintiff Angela K. Lash appeals from the Law Division's February 10, 2020 order denying her motion for a new trial, following the December 10, 2019 jury verdict in favor of defendants Ultimate Hand Car Wash & Detail Center, LLC and Carpel Rt. 46 Associates, LLC. We affirm.

On May 18, 2016, plaintiff drove her car to defendants' car wash shop. After she exited her car, plaintiff told the attendant what services she needed. The attendant gave plaintiff an order slip and plaintiff then walked along a line of orange traffic cones toward the shop's office. In order to gain access to the office, plaintiff had to step onto a sidewalk, which was framed by a bright yellow curb. Plaintiff fell while attempting to step onto the sidewalk and broke her left leg.

Plaintiff gave inconsistent accounts of her fall. She told the police officer who came to the scene that she might have missed the ledge of the sidewalk with her left foot. However, plaintiff reported to the paramedics that she stepped on the curb and then slipped. When she later completed a questionnaire at her physical therapist's office, plaintiff again stated she slipped. Plaintiff did not

2

claim that she fell because she stepped on an uneven surface on the curb, or into a crack or hole in the curb.

At trial, however, plaintiff claimed she stepped onto "the uneven surface" of the curb with her right leg and fell. Plaintiff presented photographs of the accident scene that showed a crack on the side of the curb. Plaintiff's expert, a professional engineer, testified "there[] [was] a pretty substantial crack" in the curb that he stated in his report was "in the vicinity" of where plaintiff fell.

Defendants presented the testimony of the attendant, who stated that plaintiff had her cellphone out as she began walking toward the office door. Defendants' owner testified that he inspected the area around the car wash on a weekly basis and painted the curb with "safety yellow" paint two or three times a year "so people know . . . there's a curb here and [to] be aware of it, pay attention . . . ." The owner stated that the township never cited his business for any municipal code violations and he did not consider the curb a "slipping hazard" or a "tripping hazard."

At the conclusion of the trial, the jury unanimously found that defendants were not negligent in maintaining their business premises, and the court entered judgment in their favor. Plaintiff thereafter filed a motion for a new trial, arguing that the jury's verdict was against the weight of the evidence.

3

Following oral argument, the trial judge rendered a written decision denying plaintiff's motion. In explaining his ruling, the judge stated:

> [T]here is considerable support in the record for the jury to have concluded that defendant[s] met [their] duty of reasonable care in maintaining [their] property as well as warning [their] invitees of any conditions that required the customers' attention.
>
> The defendants testified that they painted the entire curb a bright yellow, yearly, so that it warned of the curb rising from the pavement. They testified they were never advised of non-compliance with any local building codes. They further stated, and the photos confirmed, that closer to the building's office door, the curb was cut out to be level with the pavement.
>
> Plaintiff relied on . . . a professional civil engineer, who testified that the curb was broken and had indentations. He opined that the yellow painting may have camouflaged the broken surface. The jury was free to disagree with this expert's testimony. Indeed, viewing the bright yellow-painted curb on the photos could just as readily suggest to any reasonable person that the yellow paint enhanced and highlighted the unevenness of the curb's imperfections which stood out as a non-painted darker area even to the naked eye many feet away. The photos also provided a basis for the jury to weigh the degree of brokenness in the curb. Whether it was "crumbling" as plaintiff suggests or in a reasonably safe condition as defendant argued. . . . Furthermore, plaintiff's testimony was not consistent with her prior statements which differed in how and where she fell.

This appeal followed.

4

On appeal, plaintiff again argues that "the verdict was against the weight of the evidence" and that the trial judge erred by denying her motion for a new trial. We disagree.

In addressing plaintiff's contentions, we recognize the fundamental principle that jury trials are a bedrock part of our system of civil justice and that the factfinding functions of a jury deserve a high degree of respect and judicial deference. See, e.g., Caldwell v. Haynes, 136 N.J. 422, 431-32 (1994). In terms of its assessment of the relative strength of the proofs, a jury verdict is "impregnable unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice." Doe v. Arts, 360 N.J. Super. 492, 502-03 (App. Div. 2003) (quoting Carrino v. Novotny, 78 N.J. 355, 360 (1979)).

Rule 4:49-1(a) provides that a trial judge shall only grant a motion for a new trial if a verdict if, "having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law." Jury verdicts are thus "entitled to considerable deference and 'should not be overthrown except upon the basis of a carefully reasoned and factually supported (and articulated) determination, after canvassing the record and weighing the evidence, that the

continued viability of the judgment would constitute a manifest denial of justice.'" Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 521 (2011) (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 597-98 (1977)).

In reviewing a trial judge's decision on a motion for a new trial, we view the evidence in the light most favorable to the party opposing the new trial motion. Caldwell, 136 N.J. at 432. Moreover, we give substantial deference to the trial judge, who observed the same witnesses as the jurors, and who developed a "feel of the case." See, e.g., Carrino, 78 N.J. at 361; Baxter, 74 N.J. at 600; Dolson v. Anastasia, 55 N.J. 2, 6 (1969).

Applying these principles, we discern no basis to disturb the trial judge's denial of plaintiff's motion for a new trial. Contrary to plaintiff's assertions, the jury was free to reject both her and her expert's claim that defendants were negligent in maintaining the curb. The crack was clearly visible in plaintiff's photos and the jurors were therefore able to judge for themselves whether defendants exercised reasonable care by painting the curb bright yellow and inspecting the area on a weekly basis. Moreover, plaintiff was not even sure that she stepped on or into the crack in the curb because she gave different accounts of the accident throughout these proceedings.

A-2807-19

Under these circumstances, we are unable to conclude that the jury verdict resulted in a miscarriage of justice as required by <u>Rule</u> 4:49-1(a). Therefore, we reject plaintiff's contentions on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2807-19